UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00149-GNS

AMY LABRON                                                                                                          PLAINTIFF

v.

NATIONSTAR MORTGAGE, LLC, and
SAFEGUARD PROPERTIES MANAGEMENT, LLC                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Safeguard Properties Management, LLC's Partial Motion to Dismiss (DN 14). For the reasons stated below, the motion is **GRANTED.**

### I.     BACKGROUND

This action is brought, *inter alia*, to recover monetary damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, stemming from the removal of Plaintiff Amy LaBron's ("LaBron") property from a residence on August 24, 2015, following foreclosure proceedings on the real property. (Compl., DN 1-2; Def.'s Partial Mot. to Dismiss 1, DN 14 [hereinafter Def.'s Mot.]). LaBron purchased a home located at 1908 Elmhurst Way, Bowling Green, Kentucky, (the "Property") in 2009. (Pl.'s Resp. 1, DN 15). Plaintiff defaulted on her financing obligation for the Property, and ultimately Defendant Nationstar, LLC ("Nationstar") purchased the note and mortgage on the Property in 2014. (Compl. ¶ 9)). On October 1, 2014, Nationstar foreclosed on the Property in Warren Circuit Court. (Compl. ¶ 7). Nationstar purchased the Property through judicial sale and the Warren Circuit Court entered an order confirming the Master Commissioner's report of sale. (Compl. ¶ 8). On August 24, 2015,

Defendant Safeguard Properties Management, LLC ("Safeguard") removed Plaintiff's personal belongings from the Property at behest of Nationstar. (Compl. ¶ 11).

## II. JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States.

## III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

Safeguard moves for dismissal on two grounds. First, Safeguard claims Plaintiff is not entitled to protection under the FDCPA because at no point did Safeguard engage in debt

collection. (Def.'s Mot. 5). Second, Safeguard is not a "debt collector" as defined by the FDCPA. (Def.'s Mot. 4).

The Court finds that Plaintiff does not plausibly state a claim for relief in this case. The FDCPA prohibits debt collectors from engaging in "abusive, deceptive, and unfair debt collection practices" towards debtors. *See* 15 U.S.C. § 1692. Under the FDCPA, "(1) plaintiff must be a consumer as defined by the Act; (2) the debt must arises out of transactions which are "primarily for personal, family or household purposes; (3) defendant must be a debt collector as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (internal quotation marks omitted) (citation omitted). Section 1692 makes clear that the statute only applies to "debt collectors" and "debt collection." 15 U.S.C. § 1692(a).

In this matter, Safeguard neither qualifies as a debt collector, nor does Safeguard's behavior constitute debt collection. First and foremost, Safeguard cannot be held to be a debt collector or to have attempted to have collected a debt in this case because no debt has been implicated in the removal of Plaintiff's personal belongings. Nationstar purchased the Property legally at a judicial sale. (Def.'s Mot. 2). Plaintiff alleges her personal belongings were "disposed of" by Safeguard in a nearby dump in an attempt to collect a debt. (Compl. ¶¶ 11, 33). Plaintiff fails, however, to allege any outstanding claimed debt still owed to Safeguard. Plaintiff instead alleges Safeguard actions were related to the "collection of a debt" without actually pleading that a debt was owed.[1] In addition, Plaintiffs have failed to allege facts that indicate Safeguard used

---

[1] Plaintiff vaguely alleges Defendants may continue to be owed a deficiency after crediting the sale proceeds to her debt obligations. (Pl.'s Resp. 1, 5). This allegation, however, is noticeably absent from Plaintiff's Complaint. "It is a basic principle that the complaint may not be amended by [a] brief[] in opposition to a motion to dismiss . . . ." *Kallick v. U.S. Nat'l Bank Ass'n*, No. 12-

"any instrumentality of interstate commerce" to collect a debt and therefore have failed to plausibly establish Safeguard is a debt collector under the FDCPA. 15 U.S.C. § 1692a(6). Plaintiff claims that Safeguard must have used an automobile to move Plaintiff's possessions from the Property and therefore the instrumentality requirement is met. (Pl.'s Resp. 3). Plaintiff has not, however, plausibly stated how moving these possessions from the Property to the garbage dump accomplished the collection of a debt.

Even if Plaintiff could establish a debt was owed, Safeguard's conduct of clearing personal property from the Property was incidental to a valid foreclosure and was not related to debt collection. *Glazer v. Chase Home Fin. LLC*, 1:09CV1262, 2010 WL 1391937, at *1-2 (N.D. Ohio Mar. 31, 2010), *aff'd in part, vacated in part, & rev'd in part on other grounds by* 704 F.3d 453 (6th Cir. 2013) (finding that Safeguard's conduct of wintering and changing the locks on foreclosed home was not related to the collection of a debt); *Alqaq v. CitiMortgage, Inc.*, No. 13-C-5130, 2014 WL 1689685, at *2-4 (N.D. Ill. Apr. 29, 2014) (breaking into a foreclosed home and taking personal property was incidental to foreclosure and not related to the collection of a debt); *Platek v. Safeguard Props., Inc.*, No. 12-1607, 2013 WL 5357157, at *1-2 (W.D. Pa. Sept. 25, 2013). The Court views Safeguard's conduct in this case to be routine post-foreclosure behavior that is not plausibly related to any debt collection practices. Therefore, since Plaintiff has not alleged a debt to Safeguard or that Safeguard is a debt collector and Safeguard's alleged misconduct was incidental to a foreclosure action, the Court must dismiss the FDCPA claim against Safeguard. Of course, Plaintiff's claims against Safeguard for conversion, trespass, and intentional infliction of emotional distress remain.

---

106-DLB, 2012 WL 5178152, at *2 (E.D. Ky. Oct. 18, 2012) (alterations in original) (quoting *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012)).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 14) is **GRANTED**, and Plaintiff's Fair Debt Collection Practices Act claim against Defendant Safeguard Properties Management, LLC is dismissed.

**Greg N. Stivers, Judge**
**United States District Court**
May 23, 2016

cc: counsel of record